UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **LOVE FUNDING CORPORATION,**<br><br>        **Plaintiff,**<br><br>        v.<br><br>**WILLIAM E. JONES, JR.,**<br><br>        **Defendant.** | __ Civ. ____<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Plaintiff Love Funding Corporation ("Love Funding") by its attorneys, Dentons US LLP, as and for its Complaint against defendant William E. Jones, Jr. ("Jones") alleges as follows:

## THE NATURE OF THE ACTION

1. Before leaving Love Funding in August 2016, Jones was a First Vice President and the senior loan originator in its New York City office. For over fifteen (15) years, he was responsible for the origination of a wide range of real estate debt and equity products at Love Funding. Jones left Love Funding at the end of August 2016 and, shortly thereafter, joined Hunt Mortgage Group ("Hunt") -- one of Love Funding's competitors.

2. Through this Complaint, Love Funding seeks the protection of the court against its former employee's defamatory statements against Love Funding. As set forth in greater detail below, during his employment with Hunt, Jones made defamatory statements regarding Love Funding to prospective clients in a further attempt to damage Love Funding.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) & (c)(1). There is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this district.

## PARTIES

5. Love Funding is a Virginia corporation with its principal place of business in Washington D.C. Love Funding is a leading FHA MAP and LEAN approved lender and a Ginnie Mae approved issuer and servicer. Love Funding provides FHA financing for acquisition, refinancing, new construction and substantial rehabilitation for all property types. At all times during Jones' employment with Love Funding, Love Funding maintained an office in New York, New York.

6. Defendant Jones is a natural person who, upon information and belief, resides at 736 Greene Avenue, Brooklyn, New York 11221. Jones worked for Love Funding in its New York office from May 2000 until August 29, 2016. Following Jones' termination of employment with Love Funding, Jones worked for Hunt, a competitor of Love Funding, in its Manhattan office.

## FACTS

7. Jones worked for Love Funding from May 2000 to August 29, 2016. At the time that Jones' employment with Love Funding ended, he was a Senior Director, Loan Originator. Jones' duties included loan origination, generating revenue, and selling Ginnie Maes.

8. In or about April 2016, an internal complaint was made against Jones that he engaged in conduct that was sexually harassing in nature and created a hostile work environment.

9. Love Funding promptly investigated the allegations against Jones. The investigation into these allegations also raised other concerns including the possibility that Jones had submitted false and/or improper expense reports and requested payments to be made by the company to purported vendors who had not actually performed services of value for the company.

10. Following Love Funding's investigation into these allegations of sexual harassment, hostile work environment, ethical violations, and other misconduct against Jones, Jones and Love Funding entered into a Confidential Separation Agreement and General Release dated August 29, 2016 (the "Separation Agreement"), which, among other things, provided for Jones' resignation from Love Funding by mutual agreement of the parties on August 29, 2016 (the "Separation Date").

11. Paragraph 9, "Non-Disparagement," of the Separation Agreement states:

> Employee, on behalf of himself, his agents, attorneys, heirs, executors, administrators and assigns, agrees that he shall not at any time engage in any form of conduct, or make any statements or representations, that disparage or otherwise impair the reputation, goodwill, or commercial interests of Employer or its predecessor, their management, employees, officers and directors, and/or other direct or indirect affiliates, subsidiaries, or parents of Employer (including, but not limited to, Midland States Bancorp, Inc. and Midland States Bank) and their respective management, employees, officers and directors…

12. Upon information and belief, following the Separation Date, Jones began working for Hunt.

13. It has come to Love Funding's attention, that Jones recently made defamatory statements about Love Funding while working at Hunt in an effort to damage Love Funding.

14. On August 24, 2017, Love Funding was informed by a developer, with whom Love Funding had a long-standing business relationship, that Jones, in soliciting the developer's business and trying to explain why he was no longer working at Love Funding, recently told the developer that Love Funding had been purchased and was now one-hundred percent (100%) owned by Hunt.

15. By letter dated September 5, 2017, counsel for Love Funding informed Hunt that it had recently come to the attention of Love Funding that Jones had made certain defamatory statements against Love Funding which are damaging to Love Funding's reputation in the marketplace.

16. By letter dated September 19, 2017, Hunt's Assistant General Counsel informed counsel for Love Funding that it was unaware of Jones' false statement(s) about Love Funding and that (for reasons unrelated to the allegations in the September 5, 2017 letter) Jones was no longer employed by Hunt.

**FIRST CAUSE OF ACTION**
(Defamation *Per Se* against Jones)

17. Plaintiff repeats and realleges each and every allegation in paragraphs 1- 16 set forth above as if fully set forth herein.

18. Jones' statement that Love Funding was purchased by and was now 100% owned by Hunt was a false statement of fact.

19. Upon information and belief, this false statement of fact was made to one or more third-parties.

20. Jones' false statement(s) was done with actual malice, reckless disregard for the truth, and/or negligence with respect to the falsity of the statement(s).

21. Jones' false statement(s) was made with the malicious intent of damaging Love Funding's business reputation and integrity.

22. The falsity of Jones' statement(s) has caused injury to Love Funding's reputation in the industry and marketplace.

23. As a result of Jones' false and defamatory statement(s), as specified above, Love Funding is entitled to actual damages in an amount to be determined at trial, but no less than $100,000.

24. As Jones acted with conscious and deliberate disregard of Love Funding's rights and with the malicious intent to cause harm to Love Funding, Love Funding is entitled to punitive damages in an amount to be determined at trial, but no less than $100,000.

## RELIEF REQUESTED

WHEREFORE, plaintiff Love Funding respectfully requests the Court to grant the following relief against the defendant:

(a) Awarding Love Funding compensatory damages against Jones in an amount to be determined at trial;

(b) Awarding Love Funding punitive damages against Jones in an amount to be determined at trial;

(c) Attorney's fees and costs; and

(d) Granting such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

| | |
|---|---|
| Dated: September 28, 2017<br>New York, New York | DENTONS US LLP<br><br>By: *[signature]*<br>Bryan S. Cousin<br>Lindsay F. Ditlow<br>1221 Avenue of the Americas<br>New York, New York 10020<br>Tel.: (212) 768-6700<br>Fax.: (212) 768-6800 |

105271983