UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
LOVE FUNDING CORPORATION,

        Plaintiff, : 17 Civ. 7437(JSR)

        -v- : OPINION AND ORDER

WILLIAM E. JONES, JR.,

        Defendant. :
------------------------------------x



JED S. RAKOFF, U.S.D.J.

    Before the Court is defendant's motion to dismiss plaintiff's amended complaint alleging one count of defamation. Dkt. No. 11. The Court hereby holds that it lacks jurisdiction over plaintiff's claim and therefore grants defendant's motion.

    "In a diversity case, the party invoking the jurisdiction of the federal court bears the burden of establishing a reasonable probability that the amount in controversy requirement of 28 U.S.C. § 1332(a) is met." Burns v. King, 160 F. App'x 108, 111 (2d Cir. 2005). In its amended complaint, Love Funding identifies a single instance of defamation, alleging that defendant Jones, a former employee, defamed it by telling a business developer with whom plaintiff had a long-standing business relationship that plaintiff had been purchased and was wholly owned by Jones' new employer (and plaintiff's competitor). Dkt. No. 9 ¶¶ 1, 12-13. This developer subsequently informed Love Funding of Jones' statement. Id. It is implausible that this supposedly fraudulent statement could give rise to a claim for

damages meeting the jurisdictional threshold of $75,000 and the Court accordingly lacks jurisdiction over this action.

Because the Court finds that it does not have jurisdiction, it does not reach the question of whether plaintiff's claim must be arbitrated. If the Court had jurisdiction, however, it likely would have converted defendant's motion to dismiss into a motion to compel arbitration and granted that motion.

Finally, defendant's motion for Rule 11 sanctions is a closer call. The Court deems it sufficient at this point to dismiss the amended complaint for lack of jurisdiction while reserving the right, should this case be reinstated for any reason, to revisit the appropriateness of sanctions.

SO ORDERED.

Dated: New York, NY
November 28, 2017

JED S. RAKOFF, U.S.D.J.